UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MELL T. BRU'TON, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | No. 3:18-cv-00136 |
| v. | ) | CHIEF JUDGE CRENSHAW |
|  | ) |  |
| TENNESSEE BOARD OF PAROLES, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## MEMORANDUM OPINION

Mell T. Bru'ton, formerly an inmate of the South Central Correctional Facility in Clifton, has filed a pro se, in forma pauperis petition under an unspecified statute for a writ of habeas corpus. (Doc. No. 1 at 1). The Petitioner challenges rulings by the Chancery Court of Davidson County, Tennessee and the Tennessee Court of Appeals regarding his sentence computation and denial of parole.

**I.  Procedural History**

The Davidson County Grand Jury indicted the Petitioner on 34 counts of identity theft trafficking and one count of criminal simulation in 2005.[1] State v. Bruton, No. M2011-02548-CCA-R3-CD, 2012 WL 5188113, at *1 (Tenn. Crim. App. Oct. 19, 2012), no perm. app. filed. In June 2006, the Petitioner pleaded guilty to five counts of identity theft trafficking and received a twelve-year sentence to be served in community corrections concurrently with an unrelated,

---

[1] The Petitioner filed a prior habeas petition under 28 U.S.C. § 2241. See Bru'ton v. Johnson, No. 3:15-cv-884, 2016 WL 912283 (M.D. Tenn. Mar. 9, 2016), cert. app. denied, (6th Cir. Dec. 16, 2016). However, second or successive petitions challenging sentence computations and parole issues filed pursuant to Section 2241 are not subject to Section 2244's gatekeeping provision. See Ortloff v. Fleming, 88 F. App'x 715, 716 (5th Cir. 2004) ("The specific limitations on filing successive 28 U.S.C. § 2255 motions and 28 U.S.C. § 2254 habeas petitions that were enacted as 28 U.S.C. § 2244(b) under the AEDPA do not literally apply to 28 U.S.C. § 2241 habeas petitions."). Therefore, the instant Petition is not a second or successive petition.

suspended sentence. Id. In November 2011, the trial court revoked the Petitioner's community corrections sentence after finding that he violated the terms of his sentence and ordered the Petitioner to serve the remainder in the Tennessee Department of Correction ("TDOC"). Id. at *2. The Petitioner appealed the revocation to the Tennessee Court of Criminal, which denied relief. Id. at *1.

On August 3, 2017, the Petitioner filed a petition for a declaratory judgment seeking review of his sentence computation in the Davidson County Chancery Court. (Doc. No. 14, Attach. 1 at 3). By Order entered on December 13, 2017, the chancery court dismissed the petition, invoking Tennessee Code Annotated § 41-21-805 and § 41-21-807(c) as its bases for dismissal because the Petitioner had failed to list every lawsuit or claim he had filed previously and had filed previously three or more actions that had been dismissed as frivolous or malicious. (Id. at 3-10). The Petitioner then appealed to the Tennessee Court of Appeals. (Doc. No. 14, Attach. 2; Doc. No. 14, Attach. 3 at 1). The Tennessee Court of Appeals affirmed, invoking Tennessee Code Annotated § 41-21-807(c) and agreeing with the chancery court that the Petitioner had previously filed three or more prior actions that had been dismissed as frivolous. (Doc. No. 14, Attach. 3 at 1-2). The Petitioner did not seek discretionary review from the Tennessee Supreme Court.

On February 9, 2018, the Petitioner filed the instant pro se petition for a writ of habeas corpus. (Doc. No. 1). By Order and Memorandum Opinion entered on April 30, 2018, the Court noted that it appeared the Petitioner had failed to properly exhaust his state court remedies before filing his petition. (Doc. No. 5). The Court directed the Respondent to file an answer, plead or otherwise respond to the petition in conformance with Habeas Rule 5. (Id.) In particular, the Court directed the Respondent to address whether the Petitioner had exhausted his state court remedies

and, if not, whether the application of Tennessee Code Annotated § 41-21-812(a) was constitutionally applied in this case. (Id. at 4).

The Petitioner was released from custody following the expiration of his sentence on April 21, 2018. (Doc. No. 14, Attach. 4 at 1).

The Respondent filed an answer to the petition on September 6, 2018. (Doc. No. 15). Although the Respondent does not challenge the timeliness of the petition, the Respondent contends that the petition has been rendered moot due to the expiration of the Petitioner's sentence and his release from custody. (Doc. No. 15). The Respondent urges the Court to dismiss the petition with prejudice and deny habeas relief.

## II. Standard of Review

Rule 8(a) of the Rules Governing Section 2254 Cases permits the Court to examine the petition, the answer, and the state court record to determine whether an evidentiary hearing is warranted. If no hearing is warranted, the Court may dismiss the petition on the merits without a hearing. Rule 8(a), Rules — § 2254 Cases; Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003) (an evidentiary hearing is not required when the record conclusively shows that the petitioner is not entitled to relief). The Rules Governing 2254 Cases apply to habeas petitions under 28 U.S.C. § 2241. See Williams v. Holloway, No. 2:14-cv-02652-STA-tmp, 2016 WL 1058017, at *4 n.2 (W.D. Tenn. Mar. 14. 2016).

Having fully considered the record, the Court finds that an evidentiary hearing is not needed. The petition will be denied and this action will be dismissed.

**III.    Analysis**

The Respondent contends that the instant petition is now moot, which deprives this Court of jurisdiction. (Doc. No. 15). Alternatively, the Respondent contends that the petition should be dismissed because the Petitioner failed to exhaust his state court remedies before filing. (Id.)

**A.    Mootness**

Federal courts may review only actual cases or controversies. U.S. Const. art. III, § 2, cl. 1. Therefore, federal courts "'have no power to adjudicate disputes which are moot.'" Jones v. Washington, No. 18-1519, 2018 WL 5819488, at *1 (6th Cir. Oct. 30, 2018) (quoting McPherson v. Mich. High Sch. Athletic Ass'n, Inc., 119 F.3d 453, 458 (6th Cir. 1997) (en banc)). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969); Demis v. Sniezek, 558 F.3d 508, 512 (6th Cir. 2009). An actual controversy must exist "at all stages of review, not merely at the time the complaint is filed." Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). "If events occur during the pendency of a litigation which render the court unable to grant the requested relief, the case becomes moot and thus falls outside our jurisdiction." Demis, 558 F.3d at 512 (quoting Abela v. Martin, 309 F.3d 338, 343 (6th Cir. 2002)) (internal quotations omitted). Likewise, if a case becomes moot during an appeal, the reviewing court must dismiss it. Rosales–Garcia v. Holland, 322 F.3d 386, 394 (6th Cir. 2003) (en banc).

"An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." Spencer v. Kemna, 523 U.S. 1, 7 (1998). "Once the convict's

sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." Id.

The record shows that the Petitioner's sentence expired on April 21, 2018, and he is not subject to any parole restrictions. Therefore, the case or controversy concerning the Petitioner's "extended sentence by years and den[ial of] statutory right to review of parole board's capricious, arbitrary findings" is now moot because the Petitioner is no longer serving his sentence and is not under parole supervision. (Doc. No. 1 at 2, 4). See, e.g., Demis, 558 F.3d at 513 ("Because Demis already was transferred to a CCC and now has been released from custody, no actual injury remains that the Court could redress with a favorable decision in this appeal. We therefore must dismiss Demis' appeal as moot.").

However, a petitioner's habeas challenge is not necessarily mooted by the petitioner's release from incarceration so long as the petitioner can demonstrate collateral consequences that follow from his conviction and remain ongoing. Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968). The petitioner must show specific collateral consequences of "concrete and continuing injury." Spencer, 523 U.S. at 7, 8. "[I]t is the burden of the party who seeks the exercise of jurisdiction in his favor clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." Id. at 11 (internal quotations omitted).

Here, however, the Petitioner cannot meet this burden. Because he has been released and is not subject to any parole restrictions, he is not suffering any collateral consequences that the Court could redress by determining the merits of his sentence computation and denial of parole claims raised in the instant petition. Neither has he alleged any collateral consequences. See Spencer, 523 U.S. at 15-16 (rejecting petitioner's attempt to show collateral consequences when

he alleged that his parole revocation "could be used to his detriment in a future parole proceeding," could be used to increase his sentence in a future sentencing proceeding, and could be used to impeach him as a witness or litigant in a future criminal or civil proceeding); Witze v. Brewer, 849 F.3d 338, 342 (6th Cir. 2017) (rejecting petitioner's argument that he had established collateral consequences since "the revocation of [his] parole could be used against him in a future parole proceeding" because his claim was "too speculative"). Any claims the Petitioner may have raised that resulted from the computation of his sentence and the denial of his parole are now mooted by his release from incarceration. This case no longer presents an Article III case or controversy and will be dismissed.

**B.     Exhaustion**

The Petitioner did not specify under which statute he seeks habeas relief. Under 28 U.S.C. § 2241(c)(3), a writ of habeas corpus extends to a prisoner "in custody in violation of the Constitution or laws or treaties of the Unites States[.]" A petition for a writ pursuant to 28 U.S.C. § 2241 generally arises from "a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)). An incarcerated state petitioner may use 28 U.S.C. § 2241 to challenge the execution of a sentence, the manner in which a sentence is being served, or claims generally pertaining to the computation of parole or sentencing credits. Ali v. Tenn. Bd. of Pardon and Paroles, 431 F.3d 896, 896 (6th Cir. 2005). The Court finds that the instant petition should be construed as having been filed pursuant to Section 2241 because the petition advances claims pertaining to the computation of the Petitioner's sentence and the denial of his parole.

A Petitioner must first exhaust his administrative remedies prior to filing a Section 2241 petition. See Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981). The exhaustion requirement applies to a habeas corpus petition challenging the denial of parole. See Hinds v. Tenn., 888 F. Supp. 854, 857-58 (W.D. Tenn. 1995). In order to exhaust, a petitioner first must seek a declaratory order regarding the sentence calculation from the Tennessee Department of Correction (TDOC). Stewart v. Schofield, 368 S.W.3d 457, 464 (Tenn. 2012); Bonner v. Tenn. Dep't of Corr., 84 S.W.3d 576, 583 (Tenn. Ct. App. 2001) (citing Tenn. Code Ann. § 4-5-5-225(b)). If TDOC refuses to issue a declaratory order, the petitioner may seek judicial review by seeking a declaratory judgment in the chancery court and may appeal the chancery court's adverse decision to the Tennessee Court of Appeals. Stewart, 368 S.W.3d at 464; Bonner, 84 S.W.3d at 578.

Instead of following the procedure provided by state law, the Petitioner sought a declaratory judgment in the Davidson County Chancery Court. (Doc. No. 14, Attach. 1 at 3). The chancery court and the Tennessee Court of Appeals dismissed his case because of procedural prerequisites the Petitioner failed to fulfill. (Doc. No. 14, Attach 1. at 3-6; Doc. No. 14, Attach. 3 at 1-2). Neither has the Petitioner availed himself of the remedies under the Uniform Administrative Procedures Act (UAPA). See Stewart v. Schofield, 368 S.W.3d 457, 464-65 (Tenn. 2012) (detailing the applicable procedure under the UAPA and stating that "an inmate dissatisfied with TDOC's calculation of a release eligibility date may challenge the calculation, but the challenge must comply with the procedures of the UAPA"); see also Yates v. Parker, 371 S.W.3d 152, 155-56 (Tenn. Crim. App. 2012) (noting that "TDOC has the authority and responsibility to determine sentence expiration dates and release eligibility dates of its prisoners" and holding that challenges to post judgment sentencing credits are not cognizable in state habeas corpus proceedings) (citing Shorts v. Bartholomew, 278 S.W.3d 268, 279 (Tenn. 2009)).

7

Therefore, even if this action were not subject to dismissal because the petition is moot, the petition would be subject to dismissal without prejudice until the Petitioner properly exhausted his state court remedies. See Rose, 455 U.S. at 522.

## IV. Conclusion

In summary, this case no longer presents an Article III case or controversy. The petition will be denied, and this action will be dismissed.

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller–El v. Cockrell, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Because jurists of reason would not disagree with the resolution of the Petitioner's claims, the Court will deny a COA.

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE